NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1260

JOHN A. GALBREATH,

Plaintiff-Appellant,

v.

JOHN DUDAS,
Director, Patent and Trademark Office,

Defendant-Appellee.

_____

DECIDED:    December 8, 2004
_____

Before MAYER, Chief Judge, NEWMAN and CLEVENGER, Circuit Judges

PER CURIAM.

John A. Galbreath appeals the decision of the United States District Court for the District of Columbia dismissing his case for failure to state a claim upon which relief could be granted.  Galbreath v. Rogan, No. 02-2354 (D. D.C. Dec. 9, 2003).  We affirm.

Whether Galbreath's complaint was properly dismissed for failure to state a claim is a question of law reviewed de novo.  Gould, Inc. v. United States, 935 F.2d 1271, 1273 (Fed. Cir. 1991).  Under Rule 8(a) of the Federal Rules of Civil Procedure, Galbreath's claim must: (1) contain a short and plain statement of the court's jurisdiction; (2) a short and plain statement of a claim showing that he is entitled to

relief; and (3) a demand for judgment. While we will construe his complaint liberally, see Conley v. Gibson, 355 U.S. 41, 45-46 (1957), it will not survive a motion to dismiss unless it gives the United States Patent and Trademark Office ("PTO") fair notice of what his claim is and the grounds upon which it rests. See id. at 47. Also, under Rule 15(a) of the Federal Rules of Civil Procedure, Galbreath was permitted to either obtain written consent from the PTO or petition the trial court to amend his complaint at any time prior to entry of the trial court's order for dismissal. The trial court could have allowed amendment if justice so required. Id.

Galbreath contends that the trial court erred in finding his three-paragraph complaint insufficient. But even liberally construed, the complaint neither cites error in the PTO's rejection of his patent application's claims, nor shows why his claims should be allowed. His Statement of the Claims merely states the fact that the PTO rejected his claims. Thus, he fails to provide an adequate statement entitling him to relief. Finally, even absent written consent to amend from the PTO, Galbreath could have, but did not, petition the trial court for leave to amend.